UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| SAMMY JEFFERSON, ) | |
| ) | |
| Movant, ) | |
| ) | |
| vs. ) | Case No. 4:10CV02062 ERW |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**MEMORANDUM AND ORDER**

This matter comes before the Court on Movant Sammy Jefferson's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [doc. #1].

**I.   BACKGROUND AND PROCEDURAL HISTORY**

Movant Sammy Jefferson ("Movant") was arrested on September 1, 2006 on suspicion of being a felon in possession of a firearm, and following Movant's waiver of his right to a full detention hearing, the presiding magistrate judge ordered that Movant be detained without bail pending trial. *See generally United States v. Jefferson*, Case No. 4:06CR00657 CEJ. On September 29, 2006, Movant filed, through his attorney, a waiver of his right under the Speedy Trial Act, 18 U.S.C. § 3161(b), to be indicted within 30 days of his arrest. Approximately one month later, on November 2, 2006, the grand jury returned an indictment charging Movant with one count of felon in possession of a firearm, in violation of 18 U.S.C. § 922(g).

Several days later, Movant filed a motion to suppress related to the firearm seized from his vehicle, and following a joint motion to continue from Movant and the Government, the evidentiary hearing on his motion was continued to December 5, 2006. On that date, Movant

again requested a continuance, and the hearing was reset to December 12, 2006. Several days before the hearing, however, Movant filed a motion to withdraw his motion to suppress and executed a waiver of his right to file pretrial motions, and then appeared in court on December 12 and affirmed those actions under oath. The matter was set for trial on January 22, 2007.

Approximately one week before trial, Movant moved for a continuance, due to a conflict with counsel's schedule. The trial was rescheduled for February 5, 2007, but Movant again requested a continuance to a scheduling conflict, and the matter was then set for March 21, 2007. In the order granting the last continuance, the court ordered that the delay between the date of the order – February 1, 2007 – and the scheduled trial date be excluded from computing the time within which Movant's trial was required to begin under the Speedy Trial Act. The day before trial was set to begin, the Government filed a motion to dismiss the indictment without prejudice, which the court granted.

Then, on May 7, 2007, Movant was indicted along with numerous others for several offenses arising out of his alleged participation in a drug-trafficking conspiracy, and Movant retained new counsel to represent him. *See generally United States v. Jefferson*, Case No. 4:07CR00184 ERW. Movant was also charged with the previously-dismissed firearm offense. Movant ultimately pled guilty, pursuant to a plea agreement, to one count of conspiracy to distribute cocaine and marijuana and one count of distributing more than five kilograms of cocaine. At the sentencing hearing, two levels were added to the base offense level under U.S.S.G. § 2D1.1(b)(1) for possession of a firearm – based on the events underlying the firearm offense – and this Court sentenced Movant to a term of 235 months in prison on January 17, 2008. Movant presented objections to the enhancement at sentencing, but they were overruled because he had stipulated to it in the plea agreement. Movant's plea agreement also provided

that he waived his right to appeal his sentence, and that he waived his right to seek post-conviction relief except on the bases of prosecutorial misconduct or ineffective assistance of counsel.

Nevertheless, Movant filed a direct appeal, arguing that the appeal waiver was unconstitutional and raising claims related to his sentence, ineffective-assistance-of-counsel claims, and prosecutorial-misconduct claims. Counsel moved to withdraw and filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967). The Eighth Circuit granted counsel's motion, enforced the appeal waiver, and dismissed Movant's appeal, finding that there were no nonfrivolous issues for appeal outside the scope of the waiver. *United States v. Jefferson*, 329 Fed. App'x 56 (8th Cir. 2009.

Movant then filed this Motion under 28 U.S.C. § 2255, arguing that his sentence should be vacated due to ineffective assistance of counsel and prosecutorial misconduct.

## II. LEGAL STANDARD

A federal prisoner who seeks relief from a sentence on grounds "that the sentence was imposed in violation of the Constitution or the laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a). To obtain relief under § 2255, the movant must establish a violation constituting "a fundamental defect which inherently results in a complete miscarriage of justice." *United States v. Gomez,* 326 F.3d 971, 974 (8th Cir. 2003) (quoting *United States v. Boone*, 869 F.2d 1089, 1091 n.4 (8th Cir. 1989)). "Issues raised and decided on direct appeal cannot ordinarily be relitigated in a collateral proceeding based on [§ 2255]," and the Eighth Circuit has only deviated from that general rule in

3

cases involving convincing new evidence of actual innocence or similarly extraordinary circumstances. *See United States v. Wiley*, 245 F.3d 750, 752 (8th Cir. 2001)**.**

Claims brought under § 2255 may also be limited by procedural default. A movant "cannot raise a nonconstitutional or nonjurisdictional issue in a § 2255 motion if the issue could have been raised on direct appeal but was not." *Anderson v. United States*, 25 F.3d 704, 706 (8th Cir. 1994) (citing *Belford v. United States*, 975 F.2d 310, 313 (7th Cir. 1992)). Furthermore, even constitutional or jurisdictional claims not raised on direct appeal cannot be raised in a § 2255 motion unless the movant can establish "(1) cause for the default and actual prejudice or (2) actual innocence." *United States v. Moss*, 252 F.3d 993, 1001 (8th Cir. 2001) (citing *Bousley v. United States*, 523 U.S. 614, 621 (1998)).

Ineffective assistance of counsel claims, however, generally may be raised for the first time in a § 2255 motion regardless of whether they could have been raised on direct appeal. *Massaro v. United States*, 538 U.S. 500, 504 (2003). This exception to the general procedural default rule exists to prevent movants from being forced "to raise the issue before there has been an opportunity to fully develop the factual predicate for the claim." *Id.* Furthermore, a movant's attorney may serve as counsel both at the trial and appellate levels of the case, and it is unlikely that the attorney would assert his own ineffective assistance on appeal. *See United States v. Rashad*, 331 F.3d 908, 911 (D.C. Cir. 2003). As such, proof of ineffective assistance of counsel satisfies the cause for default and actual prejudice requirements necessary to raise a constitutional issue for the first time in a § 2255 motion, except in "unusual circumstances" *United States v. Apfel*, 97 F.3d 1074, 1076 (8th Cir. 1996).

If a movant is not procedurally barred from bringing a § 2255 motion, the court must hold an evidentiary hearing to consider the claims made therein "[u]nless the motion and the files and

records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b); *see also Shaw v. United States*, 24 F.3d 1040, 1043 (8th Cir. 1994). Thus, a movant is entitled to an evidentiary hearing so long as "the facts alleged, if true, would entitle [the movant] to relief." *Payne v. United States*, 78 F.3d 343, 347 (8th Cir. 1996) (quoting *Wade v. Armontrout*, 798 F.2d 304, 306 (8th Cir. 1986)). A court may dismiss a claim without an evidentiary hearing, in contrast, "if the claim is inadequate on its face or if the record affirmatively refutes the factual assertions upon which it is based." *Shaw*, 24 F.3d at 1043 (citing *Larson v. United States*, 905 F.2d 218, 220-21 (8th Cir. 1990)).

### III. DISCUSSION

As noted above, the Eighth Circuit held that Movant's waiver of appellate and post-conviction rights is enforceable, *United States v. Jefferson*, 329 Fed. App'x 56, 57 (8th Cir. 2009), and the Court therefore may only consider Movant's Motion to the extent he raises claims of ineffective assistance of counsel and prosecutorial misconduct.[1]

#### A. Ineffective Assistance of Counsel

Movant raises separate ineffective-assistance claims directed at his counsel in the dismissed felon-in-possession prosecution and at his counsel in the subsequent drug-trafficking prosecution. The Court first sets forth the applicable legal framework, and then addresses Movant's claims against these counsel in turn.

In order to succeed on a claim of ineffective assistance of counsel, a litigant must satisfy the two-part standard set forth in *Strickland v. Washington*, 466 U.S. 668 (1984), requiring proof (1) that "counsel made errors so serious that counsel was not functioning as the 'counsel'

---

[1] The Court mentions this because Movant's Motion might be read as also raising a claim that his sentence should be vacated because his plea agreement is unenforceable.

guaranteed the defendant by the Sixth Amendment"; and (2) that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 687, 694; *see also, e.g.*, *United States v. Rice*, 449 F.3d 887, 897 (8th Cir. 2006).

The first prong requires a showing that counsel's performance was deficient, measured by an objective standard of reasonableness "in light of professional norms prevailing when the representation took place." *Sinisterra v. United States*, 600 F.3d 900, 906 (8th Cir. 2010) (internal citations omitted); *see also Bobby v. Van Hook*, 130 S. Ct. 13, 16 (2009) (per curiam). There is a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Rice*, 449 F.3d at 897 (quoting *Strickland*, 466 U.S. at 689).

As to the second part of the test, the necessary showing of a "reasonable probability" of a different outcome is less than a preponderance of the evidence but greater than just a possibility; it "is a probability sufficient to undermine confidence in the outcome." *Paul v. United States*, 534 F.3d 832, 837 (8th Cir. 2008) (internal quotations and citations omitted); *see also Odem v. Hopkins*, 382 F.3d 846, 851 (8th Cir. 2004) ("It is not sufficient for a defendant to show that the error has some 'conceivable effect' on the result of the proceeding because not every error that influences a proceeding undermines the reliability of the outcome of the proceeding."). In the sentencing context, prejudice can be established by demonstrating that counsel's deficient performance resulted in a longer sentence than would have otherwise been imposed. *See Glover v. United States*, 531 U.S. 198, 203 (2001) ("Authority does not suggest that a minimal amount of additional time in prison cannot constitute prejudice. Quite to the contrary, our jurisprudence suggests that any amount of actual jail time has Sixth Amendment significance."); *see also Alaniz v. United States*, 351 F.3d 365, 368 (8th Cir. 2003) ("An error increasing a defendant's

sentence by as little as six months can be prejudicial within the meaning of *Strickland*."). With regard to the necessary showing of prejudice in the context of a guilty plea, the defendant must show "that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Gumangan v. United States*, 254 F.3d 701, 705 (8th Cir. 2001) (citing *Hill v. Lockhart*, 474 U.S. 52, 59 (1985) (internal quotations omitted)); *see also Strickland v. Washington*, 466 U.S. 668, 687 (1984).

### 1. Ineffective Assistance in the Dismissed Prosecution

Movant asserts that counsel provided ineffective assistance by: (1) advising him to waive his rights under the Speedy Trial Act and not ensuring that the waiver was knowing, intelligent, and voluntary, (2) sabotaging Movant's defense by withdrawing his motion to suppress evidence, directed at the firearm that formed the basis of the offense, and (3) allowing the Government to gain a tactical advantage, ultimately leading to the subsequent prosecution of Movant on drug-trafficking charges, by agreeing to and seeking numerous continuances of Movant's trial date.

This claim of ineffective-assistance-of-counsel must fail because Movant fails to allege any facts suggesting that he was prejudiced by these alleged errors – that is, that the result would have been more favorable for him but for these errors. If Movant had proceeded more quickly to trial and been acquitted – what he contends would have occurred if counsel had provided competent representation – there is no reason to believe that he would be in a different position than he is now. An acquittal on the firearm charge would not necessarily have prevented the Government from seeking and obtaining a sentencing enhancement related to the firearm in the later prosecution. *See United States v. Canania*, 532 F.3d 764, 771 (8th Cir. 2008) (acquittal on firearms charge does not preclude application of the U.S.S.G. § 2D1.1(b)(1) two-level enhancement). Movant also stipulated to the enhancement in his plea agreement in the later case,

and counsel surely cannot be held responsible for that decision, given that he was no longer representing Movant at that time. Furthermore, Movant is incorrect in suggesting that his right to a jury trial equates to a right to have the Government continue its prosecution of the firearm case; the Government is entitled to seek dismissal of a prosecution, and the Court is only permitted to deny such a motion in very limited circumstances, which were not present in this case.[2] *See* Fed R. Crim. P. 48(a); *United States v. Dupris*, 664 F.2d 169, 174 (8th Cir. 1981).

Movant does not claim that he was coerced into signing the waiver of his rights under the Speedy Trial Act, and to the extent he states that he was rushed into signing it, then it is his fault for not taking sufficient time to consider it, not counsel's. That aside, there is no reason to believe that the Government's case against Movant on the firearm offense was in any way strengthened due to Movant's execution of the waiver, and Movant acknowledged in executing it that his decision was voluntary and that he was aware of the possibility that the Government would bring additional charges against him.

Likewise, with respect to the withdrawal of his motion to suppress, Movant had the opportunity again to seek suppression of the firearm in the second prosecution, and Movant makes no allegations suggesting that his arguments for suppression were somehow less likely to succeed in that later case. Movant also appeared in court and affirmed under oath his desire to waive his right to file pretrial motions, refuting any claim that he desired to pursue this issue notwithstanding counsel's advice.

As to Movant's argument that the delays in the firearm case somehow enabled the Government to prosecute him for the drug-trafficking offenses to which he pled guilty, Movant's allegations are insufficient because they are unsupported by any factual or legal argument as to

---

[2] The Court addresses this issue in more detail below in Section III.B.

how that entitles him to relief under § 2255.  Moreover, Movant's alleged role in the drug-trafficking conspiracy was almost entirely premised on his presence at a drug transaction that occurred on June 13, 2006 – several months before either prosecution was instituted.  Ultimately, the Government was able to initiate the drug-trafficking prosecution because the grand jury found the evidence sufficient and therefore returned an indictment against Movant in May 2007; it is entirely unclear how that would have been affected by whether or not Movant was in custody in the latter part of 2006 and the first few months of 2007.  Movant fails to allege any concrete facts indicating that his detention on the firearm charge was necessary to the drug-trafficking case, or even if that was the case, that counsel should have been aware of that possibility, which would of course be a necessary prerequisite to finding that counsel's performance was deficient.

In sum, then, these claims of ineffective assistance of counsel will be dismissed without an evidentiary hearing, because they are facially deficient.  Movant cannot demonstrate that his counsel's alleged errors were prejudicial, in that the sole offense of which he was charged at that time was dismissed, and his allegations fail to suggest any other detrimental effect arising out of this representation.

### 2. Ineffective Assistance of Plea Counsel

With respect to Movant's counsel in the proceeding in which he pled guilty to two drug-trafficking offenses, Movant contends that counsel provided ineffective assistance by: (1) advising Movant to enter into a plea agreement in which he stipulated to the application of the firearm sentencing enhancement and failing to ensure that he entered into that agreement knowingly, intelligently, and voluntarily, (2) failing to present competent arguments and available evidence in support of Movant's objections to the pre-sentence report and to the Government's characterization of the underlying facts in Movant's change-of-plea and

9

sentencing hearings, and (3) filing an *Anders* brief relating to Movant's direct appeal, instead of representing Movant and arguing on his behalf.

The record refutes Movant's claim that counsel was ineffective in advising him to enter into the plea agreement. At his change-of-plea hearing, Movant represented that he understood his right to proceed to trial, that he had read, understood, and discussed the agreement with counsel, and that he intended to plead guilty pursuant to that agreement. Any argument that he was somehow unaware of its contents or effects is conclusively refuted by the record of that proceeding. The Court also explicitly mentioned the stipulation as to the firearm enhancement, and Movant never indicated that he was not aware of or did not understand that stipulation. Movant does contend that counsel advised him that he would "take care of eliminating the enhancement on appeal," but it was still Movant's decision whether to enter into the plea agreement, and Movant's repeated protestations that he had not wanted to agree to the enhancement in the first place emphasize that he was well aware of the effect of the stipulation. The record establishes that Movant was well aware that he had the option of proceeding to trial instead of pleading guilty pursuant to the plea agreement, and his apparent belief in hindsight that he made the incorrect decision does not mean that counsel was ineffective.

Movant's claims concerning counsel's failure to make appropriate objections to the firearm enhancement and to the Government's characterization of the facts must fail because he cannot demonstrate prejudice. Again, Movant stipulated to the firearm enhancement in the plea agreement, and he therefore cannot claim that counsel was ineffective in failing to argue against it. Nevertheless, counsel did object to the enhancement at sentencing, and the Court denied the objection based on the stipulation; it is unclear what else counsel could have done, given Movant's assent to the plea agreement. As for the Government's statement of the facts, Movant

10

*did* let the Court know, during the change-of-plea hearing, that he disagreed with the Government's assertion that he personally had handed over a bag during the alleged drug transaction, although he acknowledged that he was present at the time. Although Movant had stipulated to the underlying facts in the plea agreement, he also filed *pro se* objections to the facts set forth in the pre-sentence report, and counsel subsequently presented those objections to the Court on Movant's behalf. In any event, there is no indication whatsoever in the record that any of the alleged factual discrepancies played a role in the Court's sentencing determination. Movant's additional assertions that counsel failed to make other appropriate objections to the pre-sentence report, the calculation of his sentence, and other matters will be rejected because they are bare, conclusory assertions unsupported by any argument as to what objections should have been made, or why those objections would have been successful.

Movant's claims of ineffective assistance at the appellate level will likewise be rejected for failure to allege prejudice. Movant claims that counsel retaliated against him by filing an *Anders* brief with the Eighth Circuit after Movant's family declined to make additional payments to counsel for the appeal – a claim that counsel flatly rejects – but even if this were true, Movant cannot demonstrate prejudice because the Eighth Circuit independently reviewed the record and found no nonfrivolous, appealable issue. *See United States v. Jefferson*, 329 Fed. App'x 56, 57 (8th Cir. 2009). The issue Movant contends should have been raised is the applicability of the firearm enhancement, and once again, Movant had stipulated to the enhancement in the plea agreement. Movant therefore cannot establish that he would have achieved a more favorable outcome on appeal if counsel had continued to represent him.

Thus, Movant's ineffective-assistance claims directed at plea counsel will be denied without an evidentiary hearing, because they are all either refuted by record or facially deficient.

11

### B. Prosecutorial Misconduct

Movant argues that the Government committed prosecutorial misconduct by (1) misrepresenting to the court, in seeking dismissal without prejudice of the felon-in-possession charge, that Movant had at that time entered in a separate plea agreement concerning the drug-trafficking charges, and (2) misrepresenting to the court the evidence against him at his change-of-plea hearing.

It is true, as Movant notes, that the Government represented, in its motion to dismiss the felon-in-possession charge, that Movant had at that time entered into a separate plea agreement concerning the cocaine and marijuana drug-trafficking charges, although Movant had not yet been indicted in that case. It is unclear why this misrepresentation occurred, but Movant cannot demonstrate that he was prejudiced by it because he fails to allege any grounds, and the Court is likewise not aware of any, for denying the Government's motion. Fed. R. Crim. P. 48(a) provides that "[t]he government may, with leave of court, dismiss an indictment, information, or complaint," but that it may not do so during trial without the defendant's consent. The "leave of court" language gives district courts the discretion to deny leave "to protect a defendant against prosecutorial harassment, e.g., charging, dismissing, and recharging, when the Government moves to dismiss an indictment over the defendant's objection," and also "to permit the court to deny a Government dismissal motion to which the defendant has consented if the motion is prompted by considerations clearly contrary to the public interest." *United States v. Dupris*, 664 F.2d 169, 174 (8th Cir. 1981) (internal citations omitted).

Movant did not object until after the motion was granted, but even if he had, there is no indication that the Government was engaging in harassment or that public interest considerations would counsel against dismissal. After the case was dismissed, Movant was indicted in the drug-

trafficking case and the felon-in-possession charge was incorporated into that prosecution, which strikes the Court as nothing more than a more efficient means of prosecuting Movant for the various offenses at issue. As noted above, there is also no reason to believe that the firearm case was any more likely to succeed once it was incorporated with the drug-trafficking case. To the extent Movant suggests that the Government obtained some undefined "tactical advantage" by dismissing the initial case, he fails to make any allegations indicating that such advantage was improperly gained.

Movant's allegations concerning the Government's alleged misrepresentations of the facts also fail to establish prosecutorial misconduct. Movant did offer objections to those statements, some of which were successful, and there is no indication in the record that the alleged discrepancies factored into the sentence that Movant ultimately received.

In sum, Movant has failed to allege a cognizable claim of prosecutorial misconduct, and this claim will therefore be denied without an evidentiary hearing.

## IV. CERTIFICATE OF APPEALABILITY

The Court finds that Movant has not made a substantial showing of the denial of a constitutional right, as is required before a certificate of appealability can be issued. *See Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997) (explaining that a "substantial showing" is a showing that the "issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings"). Thus, the Court shall not issue a certificate of appealability as to any claims raised in Movant's § 2255 Motion.

## V. CONCLUSION

Movant's Motion under 28 U.S.C. § 2255 will be denied without an evidentiary hearing because his claims of ineffective assistance of counsel and prosecutorial misconduct are all

13

facially deficient or refuted by the record.  To the extent Movant raises additional claims in his Motion, they must be dismissed because Movant validly waived his right to seek post-conviction relief on other grounds.

Accordingly,

**IT IS HEREBY ORDERED** that Movant's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [doc. # 1] is **DENIED.**

**IT IS FURTHER ORDERED** that the Court shall not issue a certificate of appealability as to any claim raised in Movant's Motion.

Dated this 16th Day of August, 2011.

_E. Richard Webber_
E. RICHARD WEBBER
SENIOR UNITED STATES DISTRICT JUDGE