UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| SAMMY JEFFERSON, | ) | |
|---|---|---|
| | ) | |
| Movant, | ) | |
| | ) | |
| vs. | ) | Case No. 4:10CV02062 ERW |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**MEMORANDUM AND ORDER**

This matter comes before the Court on Movant Sammy Jefferson's Motion to Alter, Amend, or Reconsider the Judgment Denying Movant's Motion for Relief Under 28 U.S.C. § 2255 [ECF No. 18].

**I.  BACKGROUND AND PROCEDURAL HISTORY** [1]

Pursuant to a plea agreement, Movant pleaded guilty to one count of conspiracy to distribute cocaine and marijuana in violation of 21 U.S.C. § 841(a)(1), and one count of knowingly and intentionally distributing more than five kilograms of cocaine in violation of 21 U.S.C. § 841(a)(1) and punishable under 21 U.S.C. 841(b)(1)(A)(ii).  At the sentencing hearing, the Court added two levels to his base offense level under U.S.S.G. § 2D.1.1(b)(1) for possession of a firearm, a fact to which Movant stipulated in the plea agreement. [4:07CR00184 ERW, ECF No. 358 at 6-7]. Nevertheless, Movant objected to the enhancement, and the Court sentenced Movant to a term of 235 months imprisonment for each count to be served concurrently.

---

[1] The Court will not, at this time, recite the particular facts of this case.  The Court included a thorough recitation of all relevant facts in its August 16, 2011, Memorandum and Order [ECF No. 16], denying Petitioner's Motion Under to Vacate, Set Aside, or Correct Convictions and Sentences by a Person in Federal Custody.  The Court adopts and relies on the facts set forth in that Order, in lieu of repeating them here.

Movant filed a direct appeal even though he waived his appellate rights when he entered into the plea agreement. The Eighth Circuit dismissed his appeal. *United States v. Jefferson*, 329 Fed. App'x 56, 57 (8th Cir. 2009).

Movant then filed pro se a motion under 28 U.S.C. § 2255 [ECF No. 1] in which he argued his sentence should be vacated because:

- his counsel was ineffective because he advised Movant to waive his rights under the Speedy Trial Act and he did not ensure that the waiver was knowing, intelligent, and voluntary;

- his counsel was ineffective because he sabotaged Movant's defense by withdrawing a motion to suppress evidence regarding the firearm that formed the basis of the sentencing enhancement;

- his counsel was ineffective because he allowed the United States to gain tactical advantage by agreeing to and seeking numerous continuances, which ultimately lead to Movant's subsequent prosecution on drug-trafficking charges.

- his plea counsel was ineffective because he advised Movant to enter into a plea agreement in which he stipulated to the application of the firearm sentencing enhancement and he failed to ensure that Movant entered into the plea knowingly, intelligently, and voluntarily;

- his plea counsel was ineffective because he failed to competently object to and argue against the facts contained within the presentence report;

- his plea counsel was ineffective because he filed an *Anders* brief relating to Movant's direct appeal and withdrew from representation

- the United States committed prosecutorial misconduct by misrepresenting to the Court that Movant already had entered into a plea agreement concerning the drug-trafficking charges at the time the United States sought a dismissal without prejudice on the felon-in-possession charge; and,

- the United States committed prosecutorial misconduct by misrepresenting to the Court the evidence at his plea hearing.

After the Court denied Petitioner's § 2255 Motion on August 16, 2011, and denied issuance of a certificate of appealability [ECF Nos. 16, 17], Petitioner filed the pending Motion to Alter or Amend, or Reconsider the Judgment pursuant to Federal Rule of Civil Procedure 59(e).

## II. LEGAL STANDARD

Motions filed under Rule 59(e) "serve a limited function of correcting 'manifest errors of law or fact or to present newly discovered evidence.'" *Innovative Home Health Care, Inc. v. P.T.-O.T. Assocs. of the Black Hills*, 141 F.3d 1284, 1286 (8th Cir. 1998) (quoting *Hagerman v. Yukon Energy Corp.*, 839 F.2d 407, 414 (8th Cir. 1988)). "It is not appropriate to use a Rule 59(e) motion to repeat arguments or to raise new arguments that could have been made before judgment." *In re Gen. Motors Corp. Anti-Lock Brake Prods. Liab. Litig.*, 174 F.R.D. 444, 446 (E.D. Mo. 1997) (internal quotations omitted); *see also Innovative Home Health Care*, 141 F.3d at 1286 ("Such motions cannot be used to introduce new evidence, tender new legal theories, or raise arguments which could have been offered or raised prior to entry of judgment."). "A district court has broad discretion in determining whether to grant a motion to alter or amend judgment." *Global Network Techs., Inc. v. Reg'l Airport Auth. of Louisville & Jefferson Cnty.*, 122 F.3d 661, 665 (8th Cir. 1997).

## III. DISCUSSION

In the present Motion, Movant argues that the Court's reliance on *U.S. v. Canania*, 532 F.3d 764, 771 (8th Cir. 2008), is misplaced and, therefore, the Court erred in finding that Movant unsuccessfully alleged prejudice from his counsel's advice to waive his Speedy Trial Rights. He also argues that this Court should have granted an evidentiary hearing on the issue of whether his counsel was ineffective for advising Movant to waive his rights under the Speedy Trial Act, whether his counsel colluded with the United States in seeking this waiver, and whether the United States's conduct amounted to prosecutorial misconduct. He asserts that the Court overlooked relevant case

3

law--cases that state the standard for granting an evidentiary hearing-- and these cases entitle him to an evidentiary hearing. He asserts that he did not stipulate to the firearm enhancement in his plea agreement. He alleges that the Court overlooked his affidavits filed in support of his § 2255 Motion. Movant also contends that the Court erred in denying a certificate of appealability.

Movant properly raises one argument in his a Rule 59(e) Motion: his assertion that the Court misstated *U.S. v. Canania*, 532 F.3d 764 (8th Cir. 2008), and as a result, the Court erred in finding that Movant unsuccessfully alleged prejudice from his counsel's advice to waive his Speedy Trial Rights. The Court cited *Canania* for the proposition that an acquittal on a firearm charge would not preclude the United States from seeking the application of the U.S.S.G. § 2D1.1(b)(1) two-level firearm enhancement. [ECF No. 16 at 7]. This statement is an accurate paraphrase of a statement in *Canania*. *Id*. at 771 ("We also note that the jury's acquittal of Canania and Robinson of the firearms charge does not preclude the district court from applying the section 2D1.1(b)(1) two-level enhancement."). The Court used this law to show that Movant failed to allege that but for his counsel's advice to waive his Speedy Trial rights, he would have been acquitted of the previous charges and then the firearms charge could not be used to enhance his sentence. Although *Canania* also states a test for determining whether a gun was connected with a drug crime, *Id*., the Court did not rely on this proposition for his argument that the Movant failed to successfully allege *Strickland*'s prejudice prong. Movant's argument is without merit.

Movant's remaining claims merely reargue his § 2255 Motion. Regarding his assertion that he was entitled to an evidentiary hearing, the Court did not overlook the standard for granting an evidentiary hearing. Rather, the Court found that the record affirmatively refuted his claims, or that the claims were facially deficient. [ECF No. 16 at 9, 11, 13]. Thus, Movant was not entitled to an evidentiary hearing. His assertion that he did not stipulate to the firearm enhancement in his plea

4

agreement is also merely reargument and clearly refuted by the record. [*See* Plea Agreement, 4:07CR00184 ERW, ECF No. 358]. His allegation that the Court overlooked affidavits filed in support of his § 2255 Motion because the Court did not cite to them also is without merit. *See Auer v. Robbins*, 65 F.3d 702, 715 (8th Cir. 1995) ("We may affirm a decision based upon incomplete factual findings if there can be no genuine dispute about how the trial court actually resolved the facts missing from its express findings."); *see also Tejada v. Dugger*, 941 F.2d 1551, 1555 (11th Cir. 1991) (Remand is unnecessary so long as the district court's findings of fact and conclusions of law serve to facilitate appellate review.). Lastly, the Court correctly applied the standard for issuing a certificate of appealability.

**IV.     CONCLUSION**

Movant's Rule 59(e) Motion primarily reargues his § 2255 Motion. His argument regarding the Court's alleged misstatement of law is without merit.

Accordingly,

**IT IS HEREBY ORDERED** that Movant's Motion to Alter, Amend, or Reconsider the Judgment Denying Movant's Motion for Relief Under 28 U.S.C. § 2255 [ECF No. 18] is **DENIED**.

Dated this  16th  day of November, 2011.

_____
E. RICHARD WEBBER
SENIOR UNITED STATES DISTRICT JUDGE